IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2008

Charles R. Fulbruge III
Clerk

No. 06-11111
Summary Calendar

IN RE: MIKE BELLO

Plaintiff-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-MC-24

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit
Judges.

PER CURIAM:[*]

Mike Bello argues on appeal that the district court abused its discretion by disbarring him from practicing before the Northern District of Texas. The court disbarred Bello pursuant to N.D. TEX. R. 83.8(b)(2)-(4), after finding that Bello's actions in his representation of his client in Cause No. 4:04-CV-246-Y and in other cases evinced a failure to comply with court orders, unethical behavior, and an inability to conduct proper litigation.

On appeal, Bello contends that the order disbarring him violated unspecified First Amendment protections. A federal court has the inherent authority "to control admission to its bar and to discipline attorneys who appear before it." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). Bello has not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

established that Supreme Court case law addressing an attorney's First Amendment rights are applicable in the instant case. See, Shapero v. Kentucky Bar Ass'n, 486 U.S. 466, 472 (1988). Bello's assertions of judicial bias are frivolous. See Liteky v. United States, 510 U.S. 540, 555 (1994).

Bello also asserts that the district court deprived him of due process. Because he received notice of the charges and an opportunity to respond, he received the process to which he was entitled. See NASCO, Inc. v. Calcasieu Television and Radio, Inc., 894 F.2d 696, 707 (5th Cir. 1990). Bello's contention that he was denied equal protection is meritless. See Thompson v. Patteson, 985 F.2d 202, 207 (5th Cir. 1993).

We have reviewed the record and conclude that the district court's decision to disbar Bello is supported by "clear and convincing" evidence sufficient to establish "one or more violations warranting this extreme sanction." In re Medrano, 956 F.2d 101, 102 (5th Cir. 1992). As a result, the judgment of the district court is AFFIRMED.